IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES AARON HUDSON,

      Plaintiff,

v.                                                 No. 1:21-cv-1126

GENESIS HEALTHCARE, INC,
and PEAK MEDICAL NEW MEXICO NO. 3 LLC,

      Defendants.

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1446, Defendant Peak Medical New Mexico No.3, LLC d/b/a Rio Rancho Center ("Rio Rancho Center"), and Defendant Genesis Healthcare, Inc. who is specially appearing and reserves the right to contest personal jurisdiction (collectively hereafter "Defendants"), by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Tiffany L. Roach Martin and Melissa M. Kountz), hereby remove the above captioned case from the Second Judicial District Court for the State of New Mexico, Bernalillo County, to the United States District Court for the District of New Mexico.  The District Court has original jurisdiction over this action under 28 U.S.C § 1331 and supplemental jurisdiction over this action under 28 U.S.C. § 1367. Specially appearing Defendant Genesis Healthcare Inc. joins in this removal, but does not waive its right to contest personal jurisdiction.[1]

---

[1] By removing an action from state to federal court, a party does not waive its right to any Federal Rule 12(b) defenses. *See, e.g., Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). In addition to reserving Genesis HealthCare Inc.'s right to contest personal jurisdiction, Defendants specifically reserve their rights to assert other defenses, including, but not limited to, Plaintiff's claims must be compelled to arbitration.

**<u>Grounds for Removal – Federal Question and Supplemental Jurisdiction</u>**

1.   On October 12, 2021, Plaintiff commenced this action against Defendants by filing a Complaint in the Second Judicial District Court, County of Bernalillo, New Mexico, Case Number D-202-CV-2021-05953 ("State Action").

2.   Plaintiff served Defendant Rio Rancho Center through its registered agent (Leticia Martinez on behalf of CSC of Lea County, Inc.) on October 25, 2021.

3.   Plaintiff did not properly serve Defendant Genesis Healthcare, Inc. but improperly attempted service on Genesis Healthcare, Inc. by serving an individual at Rio Rancho Center.

4.   True and correct copies of all pleadings and papers filed and served upon Defendants in the State Action are attached hereto as Exhibit A.

5.   Under 28 U.S.C. § 1441, a defendant in a state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally.  *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

6.   One category of cases over which federal courts have original jurisdiction is "federal question" cases, *i.e.*, those cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

7.   Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

8.   Here, Plaintiff's Complaint alleges violations of the federal Family Medical Leave Act ("FMLA") under "Count II: Violation of the FMLA: Interference" and "Count III: Violation of the FMLA: Retaliation." Ex. A, pp. 000011-000013.

9. Because Plaintiff asserts claims arising under federal law, this Court has original jurisdiction under 28 U.S.C. § 1331. Defendants may remove this action pursuant to 28 U.S.C. § 1441(a) because it arises under federal law, presents a federal question, and is controlled by federal law.

10. Plaintiff also alleges claims asserted under state common law: "Count I: Violation of the NMRA: Serious Medical Condition Discrimination" and "Count IV: Termination in Violation of Public Policy." Ex. A, pp. 000010-000011 and 000013-000015.

11. This Court has supplemental jurisdiction over any such state law claims pursuant to 28 U.S.C. § 1367(a). ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

12. Here, Plaintiff's allegations under federal and state law are inextricably intertwined because they arise from the same series of transgressions or occurrences; specifically, the circumstances surrounding Plaintiff's medical leave and termination. Ex. A, pp. 000004-000015.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and Division embracing the place where this action is currently pending.

## Timeliness of Removal

14. This Notice of Removal is filed within thirty (30) days of service to Rio Rancho Center and, therefore, is timely. *See* 28 U.S.C. § 1446(B)(1). This Notice of Removal is also filed within thirty (30) days of Plaintiff's attempted, improper, service on Genesis Healthcare, Inc.

**Consent of All Parties**

15. Consent of all defendants who have been served is required to properly effectuate removal. *See* 28 U.S.C. § 1446(b)(2)(A) (mandating "all defendants who have been properly joined and served must join in or consent to the removal of the action.")

16. Both Rio Rancho Center and specially appearing Defendant Genesis Healthcare, Inc. join in this notice of removal.

17. There are no other defendants in this action.

**Notices**

18. A copy of this Notice is being filed with the Clerk of the Second Judicial District Court, Count of Bernalillo, New Mexico, and has been served on Plaintiff in accordance with 28 U.S.C. § 1446(d).

19. Pursuant to D.N.M.LR-Civ. 81.1(a), to the extent not already provided via this Notice, Defendants will file with the Clerk of the United States District Court for the District of New Mexico legible copies of all records and proceedings from the State Action within twenty-eight (28) days after filing this Notice of Removal.

**Conclusion**

Defendants have satisfied all requirements for removal and reserve the right to amend this Notice of Removal.  If any questions regarding the propriety of this removal should arise, Defendants request the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Defendants respectfully request that this Court assume full jurisdiction over this action, as provided by law.

Respectfully Submitted,

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Tiffany L. Roach Martin*
     Tiffany L. Roach Martin
     Melissa M. Kountz
     500 Fourth Street, N.W., Suite 1000
     Post Office Box 2168
     Albuquerque, New Mexico 87103-2168
     Telephone: 505.848.1800
     Facsimile: 505.848.1899
     *Attorneys for Rio Rancho Center*
     *and specially appearing on behalf of Genesis*
     *Healthcare, Inc.*

I hereby certify that on this 23rd of November, 2021, a true and correct copy of the foregoing pleading was served via the CM/ECF system to the following:

Heather Burke
1000 Cordova Place #24
Santa Fe, NM  87505
T (505) 428-9424
heather@hburkelaw.com
*Attorney for James Aaron Hudson*

MODRALL, SPERLING, ROEHL,
   HARRIS & SISK, P.A.

By*:  /s/ Tiffany L. Roach Martin*
Tiffany L. Roach Martin