# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2021-05953

| | | | |
|---|---|---|---|
| James Aaron Hudson v. Genesis Healthcare Inc , et al. | § <br> § <br> § <br> § <br> § <br> § | Case Type: | **Civil Violations, Statutes, Ordinances** |
| | | Date Filed: | **10/12/2021** |
| | | Location: | |
| | | Judicial Officer: | **O'Connell, Erin** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **Genesis Healthcare Inc** <br> 4210 Sabana Grande SE <br> Rio Rancho, NM 87124-1152 | |
| Defendant | **Peak Medical New Mexico No 3 LLC** | |
| Plaintiff | **Hudson, James Aaron** | **Heather C. Burke** <br> *Retained* <br> 505-428-9424(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 10/12/2021 | **Cause Of Actions** <br> Action Type | Other <br> Action |
| 10/12/2021 | **Cause Of Actions** <br> Action Type | Statutes, Ordinance Violations, Miscellaneous <br> Action |
| 10/12/2021 | **OPN: COMPLAINT** | |
| 10/12/2021 | **ARB: CERT NOT SUBJECT** | |
| 10/20/2021 | **Summons** | |

| | | | |
|---|---|---|---|
| | Genesis Healthcare Inc | Served | 10/25/2021 |
| | | Response Due | 11/24/2021 |
| | | Returned | 10/27/2021 |
| | Peak Medical New Mexico No 3 LLC | Served | 10/25/2021 |
| | | Response Due | 11/24/2021 |
| | | Returned | 10/27/2021 |

| | |
|---|---|
| 10/27/2021 | **SUMMONS RETURN** |
| 10/27/2021 | **SUMMONS RETURN** |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Hudson, James Aaron | | | |
| | Total Financial Assessment | | | 132.00 |
| | Total Payments and Credits | | | 132.00 |
| | **Balance Due as of 11/23/2021** | | | **0.00** |
| 10/13/2021 | Transaction Assessment | | | 132.00 |
| 10/13/2021 | File & Serve Payment | Receipt # ALBD-2021-21769 | Hudson, James Aaron | (132.00) |

# EXHIBIT A

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**10/12/2021 7:40 PM**
**CLERK OF THE COURT**
**Catherine Chavez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**JAMES AARON HUDSON,**

     **Plaintiff,**

**v.**                                       D-202-CV-2021-05953

**GENESIS HEALTHCARE, INC**
**and PEAK MEDICAL NEW MEXICO NO.3 LLC,**

     **Defendants**

## COMPLAINT FOR VIOLATIONS OF THE NEW MEXICO HUMAN RIGHTS ACT THE FAMILY AND MEDICAL LEAVE ACT, AND WRONGFUL TERMINATION

### I.    Nature of the Action

COMES NOW Aaron Hudson, Plaintiff, by and through his attorney of record, Heather C. Burke to file this complaint for violations of the Family and Medical Leave Act 29 U.S.C. § 2601 ("FMLA," herein) and the New Mexico Human Rights Act, NMSA 1978 § 28-1-7 et seq ("NMHRA", herein), and Wrongful Termination in Violation of Public Policy.

### II.    Parties

1. Aaron Hudson is a resident of Bernalillo County, New Mexico and is an employee within the meaning of the FMLA, New Mexico Human Rights Act, NMSA 1978 § 28-1-7 et seq and New Mexico Common Law.

2. Mr. Hudson was employed at Genesis Healthcare Rio Rancho Center which is one of approximately 10 locations Defendants have in the Albuquerque metro area, most of which are in Bernalillo County.

3.  Defendants' employment relationship with Plaintiff is unclear, and so Plaintiff is unable to determine whether one or both are the proper employer or employers, and will need to conduct discovery to properly determine this issue.

4.  Defendant Genesis Healthcare, Inc. is a foreign corporation doing business in New Mexico.  They are employers within the meaning of the FMLA, NMHRA and New Mexico Common Law.

5.  Defendant Peak Medical New Mexico No. 3 LLC is a foreign corporation doing business in New Mexico.  They are employers within the meaning of the FMLA, NMHRA and New Mexico Common Law.

### III.   <u>Jurisdiction</u>

6.  The Court has jurisdiction to hear these claims. under Article VI, Section 13 of the New Mexico Constitution.

7.  The Court has personal jurisdiction over Defendants because it was at all times herein alleged conducting business in Bernalillo County, New Mexico.

8.  Defendants took the unlawful, retaliatory, and/or tortious acts herein alleged within this Judicial District and/or took wrongful acts that had effects in this Judicial District.

9.  Venue is proper under NMSA 38-3-1

10. Venue in this Court is proper because the Defendant engaged in the unlawful, retaliatory, and/or other tortious conduct giving rise to this Complaint in, or had effect in, Albuquerque, New Mexico, which is within this Judicial District.

### IV.   Exhaustion of Administrative Procedures

11. Plaintiff timely filed a charge of discrimination with the New Mexico Human Rights
    Bureau, which was cross filed with the EEOC.  He satisfied all administrative
    requirements and received an order of non-determination on July 15, 2021, which
    allows him 90 days to file his complaint in state district court.

### V.   Factual Background to This Litigation

12.  Mr. Hudson started employment for Defendants on or around 2012, and over the
    years worked in different positions as was needed, including Director of Medical
    Records.

13. In addition to his regular duties, Plaintiff also worked as a state-licensed CNA
    (Ceritified Nursing Assistant) with patients at various times in clinical duties.

14. Plaintiff was a diligent and valued employee, and in February 2016 Plaintiff was
    named "Associate of the Month" and in 2018 he was nominated by Loretta Sanchez
    to be "Caregiver of the Year" for the New Mexico Healthcare Association.

15. He was promoted to "Scheduling and Payroll Manager" in or around August 2018.

16. He reported Loretta Sanchez, the Center Nurse Executive.

17. Ms. Sanchez reported to Kevin Traylor, the Center Executive Director.

18. Plaintiff began experiencing back issues in February 2020.

19. On 3/13/2020 Plaintiff was diagnosed with mild broad levoscoliosis of the lumbar,
    mild multilevel facet arthropathy, and later, an MRI revealed bulging and herniated
    discs.

20. On 3/17/2020 Plaintiff requested FMLA paperwork from HR.

21. On or around 3/18/2020, Plaintiff told attendees of a morning meeting that he would likely be out of the office on FMLA for several weeks.  Loretta Sanchez turned in her chair and responded "Whatever."

22. Plaintiff attempted to train Charles Griffith (Benefits Designee) from HR trained on Payroll and Scheduling tasks, but Mr. Griffith rarely made himself available for this training.

23. Mr. Griffith informed Plaintiff that he was only going to cover Payroll, not Scheduling.  When Plaintiff questioned this, Mr. Griffith went to talk to Mr. Traylor. When he returned he merely said to Plaintiff, "We'll cross that bridge when we come to it."

24. Defendants never assigned anyone else to cover Scheduling for Plaintiff's absence, and so Plaintiff was unable to train anyone before his leave began.

25. On March 28, 2020, Plaintiff turned in his completed FMLA application and certification.

26. On March 29, 2020, Loretta Sanchez asked Plaintiff if going on FMLA was "An April Fool's joke."

27. Plaintiff took FMLA from April 1, 2020 until April 29, 2020.

28. Plaintiff returned to work on April 30, 2020.

29. Upon his return from FMLA, Plaintiff discovered his office had been moved to another office.  His computer had been changed, and did not included programs required to perform his duties.

30. In addition, Mr. Hudson no longer had login access to the program KRONOS, which was required to do his job.

31. On May 4, 2020 Plaintiff was issued a "Individual Performance Improvement Plan" ("IPIP") for alleged shortcomings "discovered" while he was on FMLA.

32. This IPIP was dated April 30, 2020.

33. Defendants' allegations included vague accusations such as "He has problems building a professional relation with other employees," "He tends to plays favorites to employees" and "He has not performed well in managing the Agency use in the building."

34. Other accusations involved subjects that had never been asked of or discussed with him before.

35. Plaintiff had been employed by Defendants for 8 years. Plaintiff had previously been promoted to Director of Medical Records where he served for three years, and had worked as a Scheduling and Payroll Manager in 2016, and until he took FMLA leave, he never had any issues at all as Scheduling and Payroll Manager.

36. Plaintiff made two called to the HR Compliance hotline after receiving his write up, and again the following day to report what he believed to be illegal retaliation.

37. Plaintiff had never been given notice of any of the duties he was alleged to have violated in this IPIP, nor were any issues brought to his attention before he requested FMLA.

38. However, Plaintiff diligently worked to address Defendants' concerns, including their directive to "work with Benefits Designee to develop skills."

39. Mr. Griffith refused to be involved with "developing any skills" on the part of
    Plaintiff.

40. Defendants Sanchez and Traylor inappropriately questioned Plaintiff about his
    medical condition on several occasions, which Plaintiff reported to HR (Mr. Griffith).

41. Defendants continued to make Plaintiff's job as difficult as possible, including
    making it even harder for Plaintiff to staff the building with the limited available
    resources available during the pandemic.

42. Additionally, Defendants refused to respect Plaintiff's physical limitations caused by
    his medical condition, which caused Plaintiff enormous stress.

43. On or around July 9, 2020, Plaintiff was informed that a coworker he had been
    working in close quarters with had just tested positive for COVID-19.

44. At that time, the State of New Mexico was subject to mandatory public health and
    executive orders, including those which required employees with known close contact
    to a person who had tested positive for COVID-19 to not return to work until
    authorized by the New Mexico Department of Health.

45. State of New Mexico COVID-19 Policy stated "Quarantine is required if you had a
    close contact with someone who tests positive for COVID19 and the contact occurred
    during that person's infectious period."

46. New Mexico defined "Close contact" as "means spending 3 minutes or longer within
    6 feet of someone who is confirmed to have COVID-19 when that person was in their
    infectious period."

47. Plaintiff had been exposed to the COVID-19 positive employee on July 7th in an area
    that Defendants had designated as "mask free" for several hours while this employee

had a fever and was contagious.  (The employee was sent home to quarantine later that day)

48. In compliance with New Mexico requirements, Plaintiff left the building and went home after obtaining permission from Kevin Traylor to work from home.

49. As Scheduling Manager, Plaintiff had personally instructed other employees who were exposed to COVID-19 to leave work and quarantine, and there had never been any issues with this procedure.

50. Plaintiff normally performed work duties from home, so was able to easily continue to work from home while he was quarantining.

51. Pam Huenke, Regional HR, told Mr. Griffith that Plaintiff could go home pending COVID-19 Test results, and Mr. Griffith relayed this information via text to Plaintiff. Mr. Griffith told Plaintiff that Kevin and Loretta "had some additional questions for Pam."

52. Plaintiff responded that he was following policy to quarantine after exposure and to get tested before returning to work.

53. Mr. Griffith responded to Plaintiff that he didn't think that policy was in effect anymore, despite the fact that this was still required by the State of New Mexico.

54. Several hours later, Mr. Griffith called Plaintiff and informed him that he had been placed on paid administrative leave.  Mr. Griffith told Plaintiff that he did not know why Plaintiff was being placed on Administrative Leave.

55. That evening, Plaintiff emailed Pam Hencke requesting clarification of internal policies for quarantine and informing her what was required by the State of New

Mexico.  He also told her he had been placed on admin leave.  She never responded to his email.

56. The following day, Griffith requested Plaintiff's login information so that Mr. Griffith could begin to do some of Plaintiff's work duties.

57. That evening, despite being on admin leave, Mr. Traylor texted and asked Plaintiff payroll questions.

58. On July 15, Plaintiff informed Mr. Griffith that he wanted to utilize intermittent FMLA to continue necessary medical treatment for his back.  Mr. Griffith responded that Plaintiff that he was to contact Mr. Traylor.

59. Plaintiff called Mr. Traylor at 2:58pm but Mr. Traylor did not answer.  Plaintiff left a voicemail.

60. Plaintiff sent another letter to Pam Huenke again asking for status or explanation, and informing her of his request to use his FMLA.

61. On July 16 Plaintiff requested status from Mr. Griffith, as he still had not received any explanation for why he was on admin leave, and instead of being paid leave as Mr. Griffith had assured him, Plaintiff had discovered that it was unpaid.

62. Mr. Griffith texted Plaintiff at 9:20am that he had entered the admin leave as paid, but that he "had been told yesterday it was not paid"  Mr. Griffith blamed Plaintiff for not having spoken with Mr. Traylor.

63. At 9:23am, Plaintiff responded that Mr. Traylor was giving him the run around, and that he had just heard from 3 different coworkers that Plaintiff had been fired.

64. Mr. Griffith responded that he had texted Mr. Traylor to tell him Plaintiff was trying to reach him.

65. At 11:39am, Mr. Traylor left a message for Plaintiff saying that Mr. Traylor was "super busy."

66. The next day, July 17 at 8:51pm, Mr. Traylor texted that he and Ms. Sanchez would call Plaintiff the following day to "touch base", and apologized for taking so long.

67. However, Mr. Traylor didn't call for three more days.

68. On July 20 at 4:20pm, Mr. Traylor and Ms. Sanchez called Plaintiff and told him that they had "Decided to cut ties with" him.

69. Plaintiff texted Mr. Griffith asking about his back pay, and was told that because he was "eventually" terminated, the leave would remain unpaid.

70. Plaintiff never received anything explaining his termination at all.

## COUNT I:
## VIOLATION OF THE NMHRA:
## SERIOUS MEDICAL CONDITION DISCRIMINATION

71. Plaintiff reincorporates and realleges the paragraphs above as though set forth fully herein.

72. The New Mexico Human Rights Act (NMHRA) NMSA 1978 § 28-1-7(A) states that it is an unlawful discriminatory practice for "an employer, unless based on a bona fide occupational qualification or other statutory prohibition, to refuse to hire, to discharge, to promote or demote or to discriminate in matters of compensation, terms, conditions or privileges of employment against any person otherwise qualified because of race, age, religion, color, national origin, ancestry, sex, physical or mental handicap or serious medical condition"

73. Plaintiff's back injury qualified as a serious medical condition under the HRA.

74. Defendants discriminated against Plaintiff by disciplining him when he return from medical leave by issuing a Performance Improvement Plan for arbitrary infractions which had never been brought to his attention or were outside his personal control.

75. Defendants discriminated against Plaintiff by removing his system access after his return and moving his office to another location without all of the contents that had formerly been in it.

76. Defendants refused to recognize Plaintiff's physical limitations due to his medical condition, which created stress and increased the likelihood of making his condition worse.

77. Defendants placed Plaintiff on administrative leave and terminated him after he had to quarantine due to COVID-19 exposure at work.

78. As a result of Defendants' illegal actions, Plaintiff suffered, and continues to suffer, damages.

## COUNT II: VIOLATION OF THE FMLA: INTERFERENCE

79. Plaintiff reincorporates and realleges the paragraphs above as though set forth fully herein.

80. 29 C.F.R. § 825.220 "An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act."

81. 91. 29 C.F.R. § 825.300(b)(1) requires "when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must

notify the employee of the employee's eligibility to take FMLA leave within five business days…. Employee eligibility is determined (and notice must be provided) at the commencement of the first instance of leave for each FMLA-qualifying reason in the applicable 12-month period."

82. 97. 29 C.F.R. § 825.220 "Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave."

83. Defendants placed Plaintiff on unpaid administrative leave on July 9, 2020.

84. Plaintiff's placement on leave made it difficult to know whether he still had benefits or the ability to attend medical appointments.

85. Plaintiff notifying Charles Griffith and Pam Hencke that he wanted to utilize intermittent leave to continue care for his back injury, but received no response.

86. Plaintiff was terminated only a few days after this request.

87. As a result of Defendants' illegal interference, Plaintiff suffered and continues to suffer, damages.


**COUNT III: VIOLATION OF THE FMLA: RETALIATION**

88. Plaintiff reincorporates and realleges the paragraphs above as though set forth fully herein.

89. 29 C.F.R. § 825.220  "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies."

90. Plaintiff returned from protected leave to be issued a "written counseling" disciplinary action, which stated that "failure to close performance gaps by targeted dates would result in discipline up to and including termination."

91. Defendants made extremely vague allegations such as "He has problems building a professional relation with other employees" and "He tends to plays favorites to employees"

92. Other allegations involved an alleged failure to perform tasks which had never been asked of him.

93. Plaintiff had been employed by Defendants for 8 years and had never had any issues with his performance until taking FMLA protected leave.

94. Both the timing and the content of Defendants' adverse disciplinary action clearly demonstrate retaliation against Plaintiff for exercising his FMLA rights.

95. As a result of Defendants' illegal retaliation, Plaintiff suffered and continues to suffer, damages.

## COUNT IV: TERMINATION IN VIOLATION OF PUBLIC POLICY

96. Plaintiff reincorporates and realleges the paragraphs above as though set forth fully herein.

97. In July of 2020, State of New Mexico was under executive and public health orders under NMSA 1978 § 12-10A-1 to 19 "Public Health Emergency Response Act" which included mandating quarantine after exposure to someone who had tested positive for COVID-19.

98. State of New Mexico COVID-19 Policy stated "Quarantine is required if you had a close contact with someone who tests positive for COVID-19 and the contact occurred during that person's infectious period."

99. New Mexico defined "Close contact" as "means spending 3 minutes or longer within 6 feet of someone who is confirmed to have COVID-19 when that person was in their infectious period."

100. The State of New Mexico issued "COVID Safe Practices For All Employers" required that employers "Prohibit employees with known close contact to a person who is lab-confirmed to have COVID-19 to return to work until authorized by the Department of Health."

101. NMSA 1978 § 12-10A-16 states "An employer or an agent of an employer shall not discharge from employment a person who is placed in isolation or quarantine pursuant to the provisions of the Public Health Emergency Response Act [12-10A-1 NMSA 1978]."

102. Defendants knew that an employee had tested positive with whom Plaintiff worked closely for an extended period of time.

103. Plaintiff complied with the State's orders and went home to quarantine after learning of his exposure.

104. Plaintiff communicated with Defendants throughout the day, seeking permission to continue working from home after beginning his quarantine.

105. Following public health orders, directives and laws regarding transmission of disease in a pandemic is of critical importance to public policy.

106.    Defendants operate a residential short and long term rehabilitation facility which includes high risk patients, and preventing or minimizing a COVID-19 outbreak was important as a public policy matter.

107.    Defendants immediately placed Plaintiff on unpaid administrative leave for following his obligations under the law while claiming that doing so was "job abandonment."

108.    Defendants objection to Plaintiff's lawful compliance with mandatory quarantine after being exposed for a long period to an employee who had tested positive to COVID-19, and instead wanted him to stay at work where numerous high-risk residents would have been unnecessarily endangered by possible transmission.   This egregious lack of concern for the safety of the residents in their facility shocks the conscience and was directly in contravention to State mandate.

109.    Defendants wrongfully terminated Plaintiff in violation of law and public policy after his exposure to COVID-19.

110.    As a result of Defendants wrongful termination, Plaintiff suffered, and continues to suffer, damages.


**<u>Prayer for Relief</u>**


Wherefore, Mr. Hudson respectfully requests:

A.  A trial by a jury of 6 persons on all issues so triable;

B.  Judgement against Defendants;

C.  Back pay;

D.  Compensatory Damages;

E.  Liquidated Damages;

F.  Punitive Damages;

G.  Attorney's fees, expenses, costs, pre-judgement and post-judgement interest as may

be provided by law

H.  Any other relief this court deems just or proper.

Respectfully Submitted.

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**10/12/2021 7:40 PM**
**CLERK OF THE COURT**
**Catherine Chavez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**JAMES AARON HUDSON,**

     **Plaintiff,**                                       D-202-CV-2021-05953

**v.**

**GENESIS HEALTHCARE, INC**
**and PEAK MEDICAL NEW MEXICO NO.3 LLC,**

     **Defendants**

## COURT-ANNEXED ARBITRATION CERTIFICATION

Aaron Hudson, Plaintiff , pursuant to Second Judicial District Local Rule 2-603, certifies as follows:

    This party seeks only a money judgment and the amount sought does not exceed twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

X    This party seeks relief other than a money judgment and/or seeks relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

000017

**4-206. Summons.**

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
10/27/2021 2:18 PM
CLERK OF THE COURT
Patsy Baca

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center"><b>SUMMONS</b></td></tr>
<tr>
<td>District Court: Second<br>Bernalillo _____ County, New Mexico<br>Court Address:<br><br>Court Telephone Number.:</td>
<td>Case Number: D-202-CV-2021-05953<br><br>Judge:      Erin O'Connell</td>
</tr>
<tr>
<td>Plaintiff(s):   James Aaron Hudson<br>v.             Genesis Healthcare, Inc, et al<br>Defendant(s):</td>
<td>Defendant Genesis Healthcare, Inc<br>Name:    4210 Sabana Grande Ave SE<br>Address:  Rio Rancho, NM 87124</td>
</tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

      1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

      2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

      3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

      4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

      5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

      6.     If you need an interpreter, you must ask for one in writing.

      7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

      Dated at _____, New Mexico, this _____ day of 10/20/2021, 20____.

Kaitna Watson
SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _____
Deputy Clerk
Luke Tessman

Attorney for Plaintiff or
Plaintiff pro se

Name:           Heather Burke
Address:        Burke Law
Telephone No.:  1000 Cordova Pl. #24
Fax No.:        Santa Fe, NM 87505
Email Address:  (505)428-9424
                Heather@hburkelaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO        )
                           )ss
COUNTY OF *Bernalillo*     )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in *Bernalillo* county on the *25* day of
*October  2021*, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

**(*check one box and fill in appropriate blanks*)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used
when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, (*used when the defendant is not
presently at place of abode*) and by mailing by first class mail to the defendant at
_____ (*insert defendant's last known mailing address*) a copy of the summons
and complaint.

[ ]   to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons
and complaint by first class mail to the defendant at _____ (*insert defendant's
last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for

defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad
litem] of defendant _____ (*used when defendant is a minor or an
incompetent person*).

*Genesis Healthcare, Inc.*

[X]    to *Wendy Graves*_____ (*name of person*), *Authorized to Accept*,
(*title of person authorized to receive service. Use this alternative when the defendant is a
corporation or an association subject to a suit under a common name, a land grant board of
trustees, the State of New Mexico or any political subdivision*).

Fees:    _____

*Tommy Martinez*
_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this __25__ day of __October__, __2021__.

_____
Judge, notary or other officer
authorized to administer oaths

_____Notary_____
Official title

OFFICIAL SEAL
Patricia Padilla
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 11/21/24

## USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court
prior to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the
signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective
March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme
Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013;
as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on
or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for
all cases pending or filed on or after December 31, 2014.]

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
10/27/2021 2:18 PM
CLERK OF THE COURT
Patsy Baca

<table>
<tr><td colspan="2" align="center">**SUMMONS**</td></tr>
<tr>
<td>District Court: Second<br>Bernalillo _____ County, New Mexico<br>Court Address:<br><br>Court Telephone Number.:</td>
<td>Case Number: D-202-CV-2021-05953<br><br><br>Judge:   Erin O'Connell</td>
</tr>
<tr>
<td>Plaintiff(s):   James Aaron Hudson<br>v.        Genesis Healthcare, Inc, et al<br>Defendant(s):</td>
<td>Defendant PEAK MEDICAL NEW MEXICO NO. 3, LLC<br>Name:   4MC-CSC1, 726 E. MICHIGAN DR., STE.<br>        101<br>Address:   Hobbs, NM 88240 - 3465</td>
</tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

　　　1.　　　A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

　　　2.　　　You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

　　　3.　　　You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

　　　4.　　　If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

　　　5.　　　You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

　　　6.　　　If you need an interpreter, you must ask for one in writing.

　　　7.　　　You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

　　　Dated at _____, New Mexico, this _____ day of 10/20/2021, 20___.

Katina Watson
SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _____
Deputy Clerk
Luke Tessman

Attorney for Plaintiff or
Plaintiff pro se

Name:       Heather Burke
Address:    Burke Law
Telephone No.: 1000 Cordova Pl. #24
Fax No.:    Santa Fe, NM 87505
Email Address: (505)428-9424
            Heather@hburkelaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                    )ss
COUNTY OF _*LEA*_    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to
this lawsuit, and that I served this summons in _*LEA*_ county on the *25th* day of
*October*, *2021*, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of
summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used
when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of
complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at
the usual place of abode of defendant _____, (*used when the defendant is not
presently at place of abode*) and by mailing by first class mail to the defendant at
_____ (*insert defendant's last known mailing address*) a copy of the summons
and complaint.

[ ]    to _____, the person apparently in charge at the actual place of
business or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons
and complaint by first class mail to the defendant at _____ (*insert defendant's
last known mailing address*).

[X]    to *Leticia Mendoza*, an agent authorized to receive service of process for *C/o CSC MC-CSC1 412 E JEMEZ HOBBS, N.*

defendant *Leap Medical New Mexico No. 3, LLC.*

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

*Janice A Fagan*
Signature of person making service

*Process Server*
Title (*if any*)

Subscribed and sworn to before me this 26 day of *October*, 2021 [2]

*Manuel A Maestas*
Judge, notary or other officer
authorized to administer oaths

*Notary*
Official title   *MCE - 12.4.2023*

OFFICIAL SEAL
Manuel A. Maestas
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires 12.4.2023

## USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]