IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES AARON HUDSON,

    Plaintiff,

v.                                                                      Civ. No. 1:21-cv-01126 MIS/KK

PEAK MEDICAL NEW MEXICO NO. 3 LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration "of this Court's order granting Defendants' Motion to Compel Arbitration and to [sic] dismissal with prejudice."[1] ECF No. 18. Defendant Peak Medical New Mexico No. 3 LLC ("Defendant") filed a response, and Plaintiff filed a reply. ECF Nos. 19, 20. Having reviewed the briefing and considered all relevant law, the Court reaffirms its previous ruling and denies the Motion.

## BACKGROUND

The Court issued a Memorandum Opinion and Order ("MOO") on May 6, 2022, compelling Plaintiff's remaining claims to arbitration. ECF No. 16. Final Judgment was entered on the same day. ECF No. 17. Plaintiff's Motion for Reconsideration was filed 31 days later, on June 6, 2022. ECF No. 18. Plaintiff moves for reconsideration on the

---

[1] Plaintiff asserts for the first time in his reply brief that the Motion also "necessarily requests reconsideration of . . . the order dismissing [Defendant Genesis Healthcare, Inc.] for lack of personal jurisdiction." ECF No. 20 at 1. Upon careful consideration of the Motion, the Court finds no basis for this assertion. Plaintiff's claims against Defendant Genesis Healthcare, Inc., were dismissed *without* prejudice, *see* ECF No. 15, and Plaintiff's original brief makes no arguments pertaining to personal jurisdiction, *see* ECF No. 18. The Court declines to consider new arguments made for the first time in Plaintiff's reply brief. *See Beaird v. Seagate Tech.*, 145 F.3d 1159, 1165 (10th Cir. 1998).

basis that (1) Defendant waived its right to compel arbitration by removing the case to federal court, and (2) Plaintiff's New Mexico Human Rights Act ("NMHRA") claim may be exempted from arbitration by a future decision of the New Mexico Court of Appeals. Plaintiff explains that he "did not argue waiver previously" because Tenth Circuit law required a showing of prejudice, but that requirement has since been eliminated by the Supreme Court's decision in *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022). ECF No. 18 at 1. In the alternative, Plaintiff urges the Court to stay the case until *Tavarez v. AB Staffing Solutions, et al.*, presently on the New Mexico Court of Appeals' General Calendar, is decided and the arbitrability of NMHRA claims determined. *Id*. at 3.

## LEGAL STANDARD

Plaintiff brings this Motion pursuant to Federal Rule of Civil Procedure 60(b),[2] which permits relief from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

---

[2] Although the procedural basis for reconsideration was initially unclear, Plaintiff stated in his reply brief that relief is sought pursuant to Federal Rule of Civil Procedure 60. ECF No. 20 at 1. A motion under Rule 59(e) would at any rate be untimely. The Court therefore construes Plaintiff's Motion as proceeding under Rule 60(b).

Fed. R. Civ. P. 60(b). Although Rule 60(b) provides a mechanism for relief in some circumstances, "revisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed is likewise inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

## DISCUSSION

Although Plaintiff does not specify which section of Rule 60(b) applies to his claims, the Court agrees with Defendant that only Rules 60(b)(1) and 60(b)(6) are plausibly implicated. Neither provides an avenue for the requested relief.

The Tenth Circuit has recognized that in some instances, relief "may be granted under Rule 60(b)(1) on a theory of mistake of law." *Van Skiver*, 952 F.2d at 1244. A Rule 60(b)(1) motion "asserting mistake of law is untimely—and therefore gives the district court no authority to grant relief—unless brought within the time to appeal." *Lebahn v. Owens*, 813 F.3d 1300, 1305 (10th Cir. 2016). Moreover, such relief is available "only for obvious errors of law, apparent on the record." *Van Skiver*, 952 F.2d at 1244. Plaintiff's Motion for Reconsideration was filed within the time to appeal, *see* Fed. R. App. P. 4(1)(A) and was therefore timely to assert a mistake of law. However, Plaintiff does not assert obvious mistakes of law on the record but rather subsequent changes to the controlling law. Consequently, Rule 60(b)(1) has no application.

Plaintiff's arguments fare no better under Rule 60(b)(6). It is well settled in this circuit that a post-judgment "change in the law or in the judicial view of an established rule of law does not justify relief under Rule 60(b)(6)." *Van Skiver*, 952 at 1245 (quotations omitted). The only exception is when the post-judgment change in law "aris[es] out of the

same accident as that in which the plaintiffs . . . were injured." *Id.* (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 723 (10th Cir. 1975)). Both of Plaintiff's arguments are premised on a post-judgment change, and neither change arises out of the same factual basis as Plaintiff's claims. Rule 60(b)(6) therefore provides no vehicle for relief.

Finally, and in the alternative, the Court would not grant reconsideration if it had the discretion to do so. Accounting for the Supreme Court's recent ruling that waiver of the right to arbitrate may not be conditioned on a showing of prejudice, *Morgan*, 142 S. Ct. at 1712–13, Plaintiff still offers no persuasive support for his argument that Defendant's removal to federal court—without more—constituted waiver. Defendant filed its Motion to Compel Arbitration just seven days after the case was removed, and prior to commencement of any discovery. ECF No. 5. Its decision to do so in federal court did not, as Plaintiff suggests, categorically waive its right to enforce the arbitration agreement. *See*, *e.g.*, *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008) ("[S]imply removing a case does not waive one's right to arbitrate."); *Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 371 (6th Cir. 2014) ("Removal to federal court does not waive a party's otherwise enforceable right to arbitrate."); *Altresco Phil. v. CMS Generation Co.*, 1997 U.S. App. LEXIS 7623, at *20–21 (10th Cir. 1997) (summarily rejecting an argument that the defendant "waived arbitration by removing, answering the complaint, and moving for dismissal before moving to compel arbitration").[3] The Court would therefore find, without any consideration of prejudice, that Defendant has not waived its right to compel arbitration.

---

[3] Plaintiff's citations to New Mexico state court rulings are inapposite, as *Morgan* did not overturn the general rule that waiver of the right to arbitrate is controlled by federal law. 142 S. Ct. at 1712.

Plaintiff further contends that judgment should be reversed and the case stayed pending the New Mexico Court of Appeals' decision in *Tavarez v. AB Staffing Solutions, et al.* The Docketing Statement in that case—which was authored by Plaintiff's counsel—poses the following question:

> Does the Exclusive Jurisdiction conferred by the Legislature to the State of New Mexico District Courts over appeals of Human Rights Bureau decisions invalidate all foreign state court forum selection clauses for these appeals?

ECF No. 19-2 at 5. Its relevance to the present case, which does not involve a "foreign state court forum selection clause," is unclear. However, Plaintiff frames the issue as follows: "[I]f the law requires that NMHRA claims can only be heard in Court, then it doesn't matter what people contract to." ECF No. 20 at 2. A state court ruling such as Plaintiff proposes would likely be preempted by federal law. *See Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1917 (2022) ("[T]he FAA 'preempts any state rule . . . prohibit[ing] outright the arbitration of a particular type of claim.'" (quoting *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426 (2017)). But there is no need to go so far in the Court's analysis. An argument raised for the first time by counsel in a pending appeal is not a sufficient basis for reconsideration of this Court's final judgment,[4] and Plaintiff makes no other persuasive argument that NMHRA claims cannot be compelled to arbitration.

---

[4] Per the Docketing Statement, the issue was raised for the first time on appeal. ECF No. 19-2 at 5. The Court also notes in passing that a decision of the New Mexico Court of Appeals, while certainly persuasive to this Court's *Erie* analysis, would not be dispositive of its outcome. *See*, *e.g.*, *Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007).

Because relief is foreclosed under Rule 60(b) and, alternatively, because the Court is unpersuaded by Plaintiff's substantive arguments, reconsideration is denied and Defendant's Motion for Leave to File a Sur-Reply (ECF No. 21) is moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 18) is **DENIED** and Defendant's Motion for Leave to File a Sur-Reply (ECF No. 21) is **FOUND AS MOOT**.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE